# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DEONDRE WILLIAMS,<br><br>　　　　　　　　　　Defendant. | Case No. 2:14-cr-00099-APG-PAL<br><br>**ORDER GRANTING MOTION FOR AN ORDER DEEMING ATTORNEY-CLIENT PRIVILEGE WAIVED AND SETTING A REVISED BRIEFING SCHEDULE**<br><br>(ECF No. 142) |

Defendant Deondre Williams has moved to set aside or correct his sentence under 28 U.S.C. § 2255. ECF No. 137. In response, the Government moves for an order deeming the attorney-client privilege between Mr. Williams and his prior counsel, Mace J. Yampolsky, Esq., waived. ECF No. 142. The Government also requests a revised briefing schedule.

"[W]here a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc). *See also, Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012) ("The defendant impliedly waives his attorney-client privilege the moment he files a habeas petition alleging ineffective assistance of counsel."). This principle prevents a party from using the privilege as both a sword and a shield, ensuring that a party does "not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials." *Bittaker*, 331 F.3d at 719. The waiver of the privilege is limited to the adjudication of the ineffective assistance of counsel claim in the habeas case. *See Id*. at 727-28 ("[D]istrict courts have the obligation, whenever they permit discovery of attorney-client materials as relevant to the defense of ineffective assistance of counsel claims in habeas cases, to ensure that the party given such access does not disclose these materials, except to the extent necessary in the habeas proceeding, i.e., to ensure that such a party's actions do not result in a rupture of the privilege.")

In his motion, Williams asserts that his previous lawyer, Mace J. Yampolsky, was ineffective because "he intentionally misled Williams and coerced him into pleading guilty by incorrectly advising that co-defendant White was planning to testify against Williams at trial." ECF No. 137 at 15-16. He thus contends he was deceived and manipulated into pleading guilty. The government argues that Williams waived his attorney-client privilege by asserting this claim. ECF No. 142. The government asks me to declare that the privilege has been waived and to order Mr. Yampolsky to respond to specific requests relating to Williams' allegations of ineffective assistance of counsel, to permit the government to respond to Williams' motion. Id. at 3-4.

The government has properly narrowed the scope of its waiver request and Williams has waived the attorney-client privilege with respect to the subject areas identified in his § 2255 motion. Williams' waiver is limited to this habeas case. I thus will grant the government's motion for waiver, and I will order Mr. Yampolsky to produce most of the information requested by the government. If, after receiving Mr. Yampolsky's response, the government feels that more information is needed, it may request it at that time.

IT IS THEREFORE ORDERED that the United States' motion for an order deeming the attorney client-privilege waived **(ECF No. 142) is GRANTED**. The attorney-client privilege between Williams and Mace J. Yampolsky, Esq. is deemed waived for all purposes relating to Williams's motion pursuant to 28 U.S.C. § 2255 in this case.

IT IS FURTHER ORDERED that Mr. Yampolsky shall, within 30 days of the date of this order, provide the Government with an affidavit or declaration addressing the allegations of ineffective assistance of counsel in Williams's § 2255 motion (ECF No. 137). At a minimum, Mr. Yampolsky shall provide the following information:

- All communications Mr. Yampolsky had with Williams regarding the plea negotiation and acceptance process, including any advice rendered regarding whether Williams should or should not plead guilty, and the reasons why.

- All communications Mr. Yampolsky had with Williams regarding whether any co-defendant would testify against Williams and the source of any such information.

- All other documents, materials, or information relating to Williams' allegations, including any written materials documenting relevant communications and advice (e.g., letters to client, memoranda to file).

IT IS FURTHER ORDERED that the clerk of the court shall transmit a copy of this order to Mr. Yampolsky at the email and street addresses he has on file with this court. The United States shall confirm with Mr. Yampolsky that he received a copy of this order.

IT IS FURTHER ORDERED that the United States shall file a response to defendant Williams's § 2255 motion, if it has any, no later than 30 days after receiving Mr. Yampolsky's affidavit or declaration. Williams may file a reply in support of his motion within 30 days after the government files its response.

Dated: November 28, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE