# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>DEONDRE WILLIAMS,<br><br>    Defendant | Case No.: 2:14-cr-00099-APG-PAL<br><br>**Order Denying Motion to Vacate Sentence**<br><br>[ECF No. 137] |

Defendant Deondre Williams moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He contends a study regarding "stash house" cases in the Northern District of Illinois (Fagan study) constitutes new evidence demonstrating that the government's actions were outrageous. He also contends his counsel was ineffective because counsel intentionally misled Williams and coerced him into pleading guilty by advising him his co-defendant was planning to testify at trial. Because Williams is procedurally barred from challenging his sentence and waived his right to bring his challenge, I deny his motion.

Williams is foreclosed from challenging his sentence except for non-waivable claims of ineffective assistance of counsel. He signed a plea agreement in which he waived his right to challenge his sentence. ECF No. 73. The right to collaterally challenge a conviction or sentence is statutory, and a knowing and voluntary waiver of a statutory right is enforceable. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).

Setting aside his express waiver, Williams is procedurally barred from challenging his sentence. Motions under § 2255 must comply with the statutory one-year deadline, which generally runs from the date the judgment of conviction becomes final. 28 U.S.C. § 2255(f). Judgment in this case was entered on July 9, 2015. ECF No. 95. Because he did not file a direct

appeal within fourteen days, Williams' initial filing deadline was July 24, 2016.  Williams filed this motion on September 21, 2017.  Williams argues his motion is timely under § 2255(f)(2) or § 2255(f)(4) because of (1) a lockdown at his facility, and (2) the publication of the Fagan study on September 23, 2016.

Under § 2255(f)(2), the limitation period begins to run from "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed."  Although Williams appears to argue that the lockdown at his facility tolled the limitation period, he also states he is not asserting "any bad faith or illegality with respect to the lockdown." ECF No. 137 at 2.  Moreover, his motion was still filed more than a year after the lockdown ceased.  Thus, Williams has not shown that the lockdown tolled the limitation period.

Williams also contends that the limitation period began to run from the publication of the Fagan study on September 23, 2016.  Under § 2255(f)(4), the limitation period begins to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  Williams argues the study, finding a pattern of racially selective enforcement of stash house defendants in the Northern District of Illinois from 2006-2013, constitutes "new facts" that tolled the limitation period.

First, Williams does not argue the study's publication has any bearing on his ineffective assistance of counsel claim.  Second, Williams does not allege any new facts regarding his case.  Instead, he argues the Fagan study's finding of selective enforcement in the Northern District of Illinois means it is likely his own arrest was similarly tainted.  However, Williams points to no newly discovered facts about the events leading up to his arrest that could not have been previously discovered with due diligence.  The study instead alerted Williams to a legal theory

he failed to pursue earlier in his case or on direct appeal.  Thus, Williams has not shown that his motion is timely.

Even setting aside his waiver and procedural default, Williams has not shown he can surmount § 2255's substantive requirements.  After a defendant exhausts or forgoes his direct appeal, his ability to challenge his sentence under § 2255 is severely limited.  Williams must show that his sentence is unconstitutional—establishing that a mistake was made is not enough. *Hamilton v. United States*, 67 F.3d 761, 763 (9th Cir. 1995) (holding that a § 2255 challenge can be based only on claims of lack of jurisdiction, constitutional error, an error resulting in a "complete miscarriage of justice," or "a proceeding inconsistent with the rudimentary demands of fair procedure").

"To prevail on an equal protection claim under the Fourteenth Amendment, a plaintiff must demonstrate that enforcement had a discriminatory effect and the police were motivated by a discriminatory purpose." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 920 (9th Cir. 2012) (quotation omitted).  To meet the "demanding" standard for proving discriminatory effect, "the claimant must show that similarly situated individuals . . . were not prosecuted." *Id.*  To show discriminatory intent, the claimant must show "the government undertook a particular course of action at least in part because of, not merely in spite of its adverse effects upon an identifiable group." *United States v. Turner*, 104 F.3d 1180, 1184 (9th Cir. 1997) (quotation omitted).  To obtain discovery or an evidentiary hearing, Williams must produce "some evidence that similarly situated defendants of other races could have been prosecuted, but were not." *Id.* (quotation omitted).

Williams has not shown how the Fagan study, with data specific to the Northern District of Illinois, provides some evidence that similarly situated defendants in this district could have

been prosecuted in stash house reverse stings but were not. Nor has he argued or shown that the government acted with discriminatory intent. Therefore, Williams has not shown any evidence that he was the victim of selective enforcement.

Finally, to prevail on a claim of ineffective assistance of counsel, Williams must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). I "must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance," and Williams must show that his "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (citations and quotations omitted). "[T]he standard for judging counsel's representation is a most deferential one" because "the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Id.* at 105. "A reasonable tactical choice based on adequate inquiry is immune from attack . . . ." *Gerlaugh v. Stewart*, 129 F.3d 1027, 1033 (9th Cir. 1997); *see also United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1996).

Williams' arguments fail on both the performance and prejudice prongs: he has not shown that his counsel was deficient, and he has not explained how any alleged deficiency prejudiced him. Williams claims his counsel intentionally misled him and coerced him into pleading guilty by advising him his co-defendant was intending to testify at trial. Williams provides no explanation of his claim that he was intentionally misled as to the likelihood of his co-defendant testifying, and he presents no evidence showing his counsel's prediction was incorrect. Moreover, the correspondence between Williams and his counsel do not support a finding of coercion. While making clear that a guilty plea would be his advised strategy,

4

Williams' counsel repeatedly stressed that the choice whether to plead was Williams' alone. *See* ECF No. 153-1 at 12–14. Disagreement "with trial counsel's tactical decision cannot form the basis for a claim of ineffective assistance of counsel." *Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001).

Finally, Williams does not explain how he was prejudiced by his counsel's advice. He takes issue with his "long prison term," but received 70 months in comparison to a possible 28 years had he gone to trial. *See* ECF No. 153-1 at 14. Williams has not shown a reasonable probability that, but for his counsel's advice, the result of his plea negotiations or trial would have been different. *See United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996).

In sum, Williams waived his right to challenge his sentence except as to ineffective assistance of counsel claims, is procedurally barred from bringing his claims under § 2255, and even if he could there is no merit to his claims. I therefore deny his motion.[1]

To appeal this order, Williams must receive a certificate of appealability from a circuit or district judge. 28 U.S.C. § 2255(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22-1(a). To obtain this certificate, Williams "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted). Given the authority holding that Williams is barred from bringing his challenge, I deny his request for a certificate of appealability.

---

[1] No hearing is needed when, as here, the petitioner's arguments are based on the facts in the record and there is no showing that counsel was ineffective. *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir. 1981); *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989).

5

IT IS THEREFORE ORDERED that defendant's motion under 28 U.S.C. § 2255 **(ECF No. 137) is DENIED**.

IT IS FURTHER ORDERED that defendant's request for a certificate of appealability is **DENIED**.

IT IS FURTHER ORDERED that defendant's request for an evidentiary hearing is **DENIED**.

DATED this 3rd day of July, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE