Rene L. Valladares
Federal Public Defender
Nevada State Bar No. 11479
Heidi A. Ojeda
Assistant Federal Public Defender
Nevada State Bar No. 12223
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
Heidi_Ojeda@fd.org

Attorney for Deondre Williams

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEONDRE WILLIAMS,<br><br>　　　　　Defendant. | Case No. 2:14-cr-099-APG-PAL-2<br><br>**STIPULATION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |

　　IT IS HEREBY STIPULATED AND AGREED, by and between Nicholas A. Trutanich, United States Attorney, and Nicholas D. Dickinson, Assistant United States Attorney, counsel for the United States of America, and Rene L. Valladares, Federal Public Defender, and Heidi A. Ojeda, Assistant Federal Public Defender, counsel the defendant Deondre Williams, that as explained below, Mr. Williams has meet both the statutory and discretionary criteria for early termination and recommend the immediate termination of his supervised release term.  This Court should therefore grant this stipulation and terminate his supervision.

After considering a subset of the 18 U.S.C. § 3553(a) sentencing factors,[1] a court may terminate an individual's supervision if he has completed one year of supervision and the court determines that early termination "is warranted by the conduct of the defendant released and the interest of justice."[2] The movant need not show undue hardship stemming from his supervision.[3]

Additionally, the *Guide to Judiciary Policy* includes a presumption in favor of early termination for those who have served at least 18 months of supervision and meet the following criteria: (1) the person does not meet the criteria of a career drug offender or career criminal (or has not committed a sex or terrorist offense); (2) the person presents no identified risk of harm to the public or victims; (3) the person is free from any court-reported violations over a 12-month period; (4) the person demonstrates the ability to lawfully self-manage beyond the period of supervision; (5) the person is in compliance with all conditions of supervision; and (6) the person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

The Stipulation is entered into for the following reasons:

1.   Mr. Williams commenced supervision on May 22, 2019 and has therefore completed 18 months of the 36-month term subsequently imposed.

---

[1] 18 U.S.C. § 3553(a)(1) (the nature and circumstances of the offense and the history and characteristics of the defendant); (a)(2)(B-D) (the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner); (a)(4-7) (the kinds of sentence and the sentencing range established, any pertinent policy statement, the need to avoid unwarranted sentence disparities, and the need to provide restitution to any victims of the offense); *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) (considering factors in § 3583(e) (supervised release statute) for early termination of probation)).

[2] 18 U.S.C § 3583(e)(1).

[3] *U.S. v. Emmett*, 749 F.3d 817, 819-820 (9th Cir. 2014).

2. Since commencing this term of supervised release, Mr. Williams has not committed any new law violations or submitted any positive drug tests.

3. Mr. Williams has completed all his treatment obligations and has not been recommended for further treatment.

4. U.S. Probation Officer Kamuela Kapanui has been consulted and agrees to Mr. Williams' request for early termination.

5. The parties agree that early termination is appropriate at this time.

Dated this 10th day of November 2020.

| | |
|---|---|
| RENE L. VALLADARES<br>Federal Public Defender | NICHOLAS A. TRUTANICH<br>United States Attorney |
| */s/ Heidi A. Ojeda*<br>By_____<br>HEIDI A. OJEDA<br>Assistant Federal Public Defender | */s/ Nicholas D. Dickinson*<br>By_____<br>NICHOLAS D. DICKINSON<br>Assistant United States Attorney |

3

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEONDRE WILLIAMS,<br><br>　　　　Defendant. | Case No. 2:14-cr-099-APG-PAL-2<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER** |

### FINDINGS OF FACT

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

　　1.　Mr. Williams commenced supervision on May 22, 2019 and has therefore completed 18 months of the 36-month term subsequently imposed.

　　2.　Since commencing this term of supervised release, Mr. Williams has not committed any new law violations or submitted any positive drug tests.

　　3.　Mr. Williams has completed all his treatment obligations and has not been recommended for further treatment.

　　4.　U.S. Probation Officer Kamuela Kapanui has been consulted and agrees to Mr. Williams' request for early termination.

　　5.　The parties agree that early termination is appropriate at this time.

### CONCLUSIONS OF LAW

After considering a subset of the 18 U.S.C. § 3553(a) sentencing factors, the Guide to Judiciary Policy, and 18 U.S.C. § 3583, this Court finds that Mr. Williams has completed one year of supervision and has determined that early termination is warranted by the conduct of Mr. Williams while on supervision and the interests of justice.

**ORDER**

Having considered the parties stipulation, and good cause being found;

IT IS THEREFORE ORDERED that Mr. Williams' term of supervised release is terminated immediately.

DATED this  12th day of November 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE